

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable William W. Allen
County Attorney
Lavaca County
Hallettsville, Texas

Dear Sir:

Opinion No. O-3664
Re: Under Officers' Salary Law
officers must collect all
fees permitted by law and
place same in Officers'
Salary Fund.

Your request for opinion has been received and carefully considered by this department. We quote from your request as follows:

"I would appreciate your opinion in regard to the interpretation of Sec. 2 of H. B. No. 76 of the Legislature now in session. Said Sec. 2 of said bill reads as follows:

"'Sec. 2. That all costs of every kind and character that have accrued or attached or that may hereafter accrue or attach to or by reason of delinquent poll or ad valorem taxes on which said poll or ad valorem tax the interest and penalties have been released by any of the provisions of this Act shall be and the same are hereby released, and no such costs shall hereafter be charged, collected, or accounted for, provided, however, that any costs that are now due and payable to any officer or official shall remain a valid obligation, notwithstanding the provision hereof.'

"Would said provision apply to a County on the salary system where the County Officers are

Honorable William W. Allen, Page 2

paid a salary, but certain costs or fees are
due their office, and same is turned over to
the County Salary Fund?  And where no fee is
due individually to said officer.  Would the
costs such as $1.00 fee allowed for each
tract, etc., have to be charged and collected
in such a case?"

Section 5 of Article 3912e, V. A. C. S., reads as
follows:

"Sec. 5.  It shall be the duty of all
officers to charge and collect in the manner
authorized by law all fees and commissions
which are permitted by law to be assessed and
collected for all official service performed
by them.  As and when such fees are collected
they shall be deposited in the Officers' Sal-
ary Fund, or funds provided in this Act.  In
event the Commissioners' Court finds that the
failure to collect any fee or commission was
due to neglect on the part of the officer
charged with the responsibility of collecting
same, the amount of such fee or commission
shall be deducted from the salary of such
officer.  Before any such deduction is made,
the Commissioners' Court shall furnish such
officer with an itemized statement of the
uncollected fees with which his account is
to be charged, and shall notify such officer
of the time and place for a hearing on same,
to determine whether such officer was guilty
of negligence, which time for hearing shall
be at least ten days subsequent to the date
of notice.  Unless an officer is charged by
law with the responsibility of collecting
fees, the Commissioners' Court shall not in
any event make any deductions from the au-
thorized salary of such officer."

In a salary county the fees to which the officer
would be entitled personally if he were on the fee system
belong to the county.  The officer must collect them for the
county and place them in the Officers' Salary Fund.  It was
clearly contemplated by the Legislature that the salaries of

Honorable William W. Allen, Page 3

county officers should be paid largely from fees of office deposited in the Officers' Salary Fund.

Article 3, Section 55 of our State Constitution, reads as follows:

"The Legislature shall have no power to release or extinguish, or to authorize the releasing or extinguishing, in whole or in part, the indebtedness, liability or obligation of any corporation or individual, to this State or to any county or defined subdivision thereof, or other municipal corporation therein, except delinquent taxes which have been due for a period of at least ten years."

We are familiar with the case of Jones vs. Williams, 45 S.W. (2d) 130, which holds that the constitutional inhibition of remission of penalties by special law implies the legislative power of remission of penalties by general law. It is our opinion however, that the costs and fees due officers (in fee counties) and due counties (in salary counties) which were earned prior to the passage of said act are not penalties and cannot be remitted by the Legislature in violation of Section 55 of Article 3 of our State Constitution. Said act is invalid insofar as it attempts to remit costs and fees earned by the officers (for themselves in fee counties and for the counties in salary counties) prior to the passage of the act.

You are therefore respectfully advised that it is the opinion of this department that if the fees and costs mentioned in the act were earned prior to the passage of the act and at a time the officers were on a salary system such fees and costs should be collected by such officers and be placed in the Officers' Salary Fund of the county.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

Wm. J. Fanning
Assistant

APPROVED JUL 17, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

WJF:eaw


APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN